**HUMPHREY & MacGREGOR, INC.**

v.

**UNITED STATES.**

**C. D. 3555; Protest No. 66/8214–843.**

United States Customs Court
Third Division.

Sept. 11, 1968.

Sharretts, Paley, Carter & Blauvelt, New York City (Michael T. Crimmins, New York City, of counsel), for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen. (Mollie Strum, New York City, trial attorney), for defendant.

Before RICHARDSON and LANDIS, Judges.

RICHARDSON, Judge:

The instant protest involves the dutiable status of 16,000 bags of refined sugar which are part of a shipment of 25,000 bags of sugar exported from Venezuela in 1964, classified upon entry under item 155.20 of the Tariff Schedules of the United States, and assessed for duty at the rate of 0.6625 cent per pound. Additional duties were assessed against the 16,000 bags of sugar at the rate of 0.53 cent per pound pursuant to the provisions of item 901.00 of the tariff schedules; and the protest herein is directed solely against the assessment of additional duties. It is the contention of the plaintiff that additional duties were improperly assessed against the 16,000 bags of sugar. The Government contends to the contrary.

The essential facts of this controversy, which are not in dispute, are contained in the testimony of the solitary witness called at the trial. Joseph Brucato, called on behalf of the plaintiff, testified that he is the traffic manager of M. Golodetz & Co., the importer of the involved sugar, that he arranges for the shipping, entry, storage, and distribution of the company's sugar importations, that he is familiar with the entry at bar, number 409 of August 6, 1964, and that he was responsible for the shipping and entry of the merchandise covered thereby. On direct examination, Mr. Brucato testified (R. 6, 7):

> Q. Would you describe the merchandise to the Court, and relate the circumstances of its purchase and resale in the United States?—A. The merchandise consisted of 25,000 50-kilo bags of refined sugar from Venezuela for use in animal feed or products to be re-exported. The sugar was purchased for non-quota purposes, meaning that it had to be used for either re-export or feed purposes.

I entered 5,000 bags of this sugar originally for feed purposes, and 20,-000 bags for re-export purposes.

In the process of shipping the sugar the customer that we sold it to for re-export purposes decided that the sugar was not good for their purpose, and as a consequence they rejected 16,000 bags to us, said they couldn't use them, and we diverted these 16,000 bags for feed purposes. There was nothing else we could do with them, sustaining a very substantial loss.

Q. Why did this customer to whom you originally sold the sugar refuse to accept the balance of the shipment you made to him?—A. The sugar became damaged in warehouse.

Q. Whereupon you diverted the sugar from its original end use, and sold it for livestock feed?—A. That is right.

On the matter of the intention with which the sugar was imported, and the use to which it was put in the United States, the witness further testified on direct examination (R. 8, 9):

Q. Did you make the intention known to Csutoms at the time of entry of the purposes for which this sugar would be used?—A. Yes, I filed an SU–3B with the Government, 5000 for feed and 20,000 for re-export.

Q. Was the sugar returned to you as unusable by the original purchaser actually used to make livestock feed? —A. Yes, it was.

Q. Did you furnish evidence of this use as livestock feed to Customs?

\* \* \* \* \* \*

A. Yes, I filed copies of our SU–23 to the United States Customs at that point.

Q. What is an SU–23?—A. This is a form that we send to the Department of Agriculture to show proof of use. \* \*. \*

\* \* \* \* \* \*

Q. When did you furnish the Department of Agriculture Form SU–23 to Customs?—A. In October, 1965.

Q. And these SU–23's certify the use of the sugar as livestock feed?— A. Yes.

At this point there was received in evidence as plaintiff's exhibit 1 a list of the SU–23's which is said by the witness to cover the 16,000 bags of sugar in issue.

The record also indicates that full duties were deposited by the importer covering the 25,000 bags of sugar at the time entry was made.

Plaintiff argues (1) that the regulatory requirements were met by plaintiff; (2) that the regulatory requirements are directory only and noncompliance therewith is not fatal to plaintiff's claim for refund of the additional duties; (3) that use of the involved sugar for livestock feed was intended at the time of importation and made known at the time of entry, the merchandise was actually used in the production of livestock feed and proof of such use was timely filed as required by the regulations; (4) that if section 54.7(a) of the Customs Regulations is mandatory, then the provision for a declaration of intent is unreasonable and violative of the statutory grant; (5) that a declaration of intent as provided for in section 54.7(a) was not necessary in view of the full deposit of duties made by the importer; (6) that proof of the actual entry intent which superseded the regulatory declaration of intent supports the plaintiff's claim for refund of the additional duties; and (7) that actual use of the sugar as provided for in item 901.00 is the sole criterion applicable to claims for refund of the additional duties.

The Government argues principally that the importer is not exempt from the additional duty imposed by item 901.00 because the importer did not claim at the time of importation that the sugar was intended for use as livestock feed or for the production of livestock feed, and that plaintiff has not complied with the requirements of the statute and regulations.

Item 155.20 of the tariff schedules levies a duty of 0.6625 cent per pound

upon sugars, among other articles, principally of crystalline structure or in dry amorphous form, which are derived from sugar cane or sugar beets. Item 901.00 provides in relevant part:

> Sugars * * * provided for in item * * * 155.20 * * * if not to be further refined or otherwise improved in quality * * * (except sugars * * * to be used as livestock feed, or in the production of livestock feed * * *) * * * The same as the tax imposed under sec. 4501, I.R.C.

And the tax imposed under section 4501 of the Internal Revenue Code is 0.53 cent per pound of total sugars upon manufactured sugar manufactured in the United States.

General Interpretative Rule 10(e) (ii) of the tariff schedules states:

> * * * in the absence of special language or context which otherwise requires * * * a tariff classification controlled by the actual use to which an imported article is put in the United States is satisfied only if such use is intended at the time of importation, the article is so used, and proof thereof is furnished within 3 years after the date the article is entered.

Section 54.7 of the Customs Regulations reiterates the requirement in General Interpretative Rule 10(e) (ii) that the intention to use sugars as livestock feed or in the production of livestock feed exist at the time of entry.

 The real issue in the case as we see it is whether plaintiff has complied with item 901.00. Item 901.00 as interpreted by rule 10(e) (ii) mandates the concurrence of three conditions as prerequisite to the exemption of the imported sugar from payment of additional duties. And these conditions are, namely, (1) the sugar must have been imported with the intent that it be used either as livestock feed, or in the production of livestock feed, or in one additional use not here relevant; (2) the sugar must have actually been used for one of such purposes in the United States; and (3) proof of such use must have been furnished within 3 years of the entry of the imported sugar.

 It is clear under the evidence at bar that plaintiff has failed to bring itself within the terms of the first of the aforementioned requirements or conditions. The evidence shows without contradiction that the importer imported the involved 16,000 bags of sugar with the express intention of using the sugar for re-export purposes—an intention wholly foreign to the statutory scheme. And it is immaterial whether there has been compliance with the other statutory conditions, as there is no statutory provision for waiving compliance or excusing noncompliance with any of the aforesaid conditions. Therefore, we agree with the defendant that plaintiff has failed to establish compliance with the applicable statute governing exemption of the involved merchandise from the payment of the additional duties concerning which claim for refund is made in the protest.

And in view of the self-executing nature of item 901.00 as statutorily interpreted we find it unnecessary for us to consider the applicability and effect of any additional Customs Regulations bearing on the matter, as such regulations can at best only be directory, and could not, in any event, operate in derogation of the statutory requirements found in item 901.00. For these reasons, the protest herein must be overruled.

Judgment will be entered accordingly.